Dear Major Naron:
This office is in receipt of your request wherein you asked:
 1) Does the State of Louisiana recognize the Law Enforcement Officer's Safety Act of 2003?
 2) Will nonresident law enforcement officers be entitled to the same rights and privileges for carrying of a concealed handgun as a Louisiana resident law enforcement officer?
 3) What restrictions or prohibitions will be placed on the right and privileges of a nonresident law enforcement officer to carry a concealed handgun in the State of Louisiana?
 4) If restricted as to the rights and privileges of nonresident law enforcement officers to carry a concealed handgun in the State of Louisiana, will the rights and privileges of a nonresident law enforcement officer to carry a concealed handgun in the State of Louisiana be equal to, less than or more than the rights and privileges of a Louisiana resident who has been issued a Louisiana concealed handgun permit? *Page 2 
Louisiana does recognize the Law Enforcement Officers Safety Act of 2003 and the Law Enforcement Officers Safety Act of 2004 which are codified in 18 U.S.C. sec.926B and 926C and are enforced on a national basis. Pursuant to both Acts, nonresident law enforcement officers are entitled to the same rights and privileges to carry a concealed handgun as a Louisiana resident law enforcement officer. The only distinction is between unqualified and qualified officers. The restrictions and privileges placed on the rights of nonresident law enforcement officers to carry a concealed handgun in the State of Louisiana depend on whether the nonresident law enforcement officer is an active qualified law enforcement officer under 18 U.S.C. 926B or a retired qualified law enforcement officer under 18 U.S.C. 926C.
The statutes 18 U.S.C. 926B and 18 U.S.C. 926C do not make a distinction between on-duty and off-duty officers. Therefore, an active nonresident officer, whether on-duty or off-duty, or a retired nonresident law enforcement officer, is allowed to carry a concealed firearm, provided he is an "qualified [active] law enforcement officer" as defined in 926B(c) or "qualified retired law enforcement officer" as defined in 926C (c). In addition, qualified active, nonresident law enforcement officers, whether on-duty or off-duty, who carry a concealed firearm, must have "photographic identification issued by the governmental agency for which the individual is employed as a law enforcement officer" pursuant to 18 USC § 926B(d). This requirement of proper identification also applies to qualified retired nonresident law enforcement officers pursuant to 18 U.S.C. sec. 926C(d)(1),(2), (3).
In relation to this kind of permit as compared to a concealed handgun permit given to a Louisiana resident, § 926B "shall not be construed to supersede or limit the laws of any State that (1) permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or (2) prohibit or restrict the possession of firearms on any State or local government property, installation, building, base, or park." Id. at § 926B(b).
La. R.S. 40:1379.3 provides the application procedures and guidelines for statewide permits for concealed handguns. Some limitations upon Louisiana citizens include the following:
 M. No concealed handgun permit shall be valid or entitle any permittee to carry a concealed weapon in any facility, building, location, zone, or area in which firearms are banned by state or federal law.
 N. No concealed handgun may be carried into and no concealed handgun permit issued pursuant to this Section shall authorize or entitle a permittee to carry a concealed handgun in any of the following:
 (1) A law enforcement office, station, or building. *Page 3 
 (2) A detention facility, prison, or jail.
 (3) A courthouse or courtroom, provided that a judge may carry such a weapon in his own courtroom.
 (4) A polling place.
 (5) A meeting place of the governing authority of a political subdivision.
 (6) The state capitol building.
 (7) Any portion of an airport facility where the carrying of firearms is prohibited under federal law, except that no person shall be prohibited from carrying any legal firearm into the terminal, if the firearm is encased for shipment, for the purpose of checking such firearm as lawful baggage.
 (8) Any church, synagogue, mosque, or other similar place of worship.
 (9) A parade or demonstration for which a permit is issued by a governmental entity.
 (10) Any portion of the permitted area of an establishment that has been granted a Class A-General retail permit, as defined in Part II of Chapter 1
or Part II of Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, to sell alcoholic beverages for consumption on the premises.
 (11) Any school "firearm-free zone" as defined in R.S. 14:95.6.
The federal law which allows a nonresident law enforcement officer to carry a concealed firearm in Louisiana pursuant to § 926B and sec. 926C provide greater rights and/privileges than those of a Louisiana resident who has been issued a concealed handgun permit.
In conclusion, we hope this opinion has adequately addressed your questions. If there are any questions, please do not hesitate to contact our office.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: _________________________________ F. STANTON HARDEE, III Assistant Attorney General